# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Sylvanius Bell,<br><br>    Plaintiff,<br><br>v.<br><br>Nicky Jackson, Kevin Klein, Robert Smith, Kevin Cowen, Kenneth Cowen, French Cowen, James Winters, Carmen Grant, Mark Grant, Martin King III,<br><br>    Defendants. | Case No. 18-CIV-121-RAW |

## OPINION AND ORDER

The Complaint [Docket No. 1] in this matter was filed on April 19, 2018. The court construes Plaintiff's allegations liberally as he is *pro se*. *See Haines v. Kerner*, 404 U.S. 519 (1972).

The Complaint states that Plaintiff lives in Las Vegas, Nevada. Defendants live in San Francisco, California; Palm Beach, Florida; and Dallas, Texas. *Id,* at Page 1-2.

Plaintiff's Statement of Claim states as follows:

> Robert Smith, Kevin Cowen, Kenneth Cowen, James Winters and Bob Blythe are watching me via my email. Clearly, they own a spyware; they are computer hackers. This is the fourth time, I have had a run in with them. They are paying people not to do business with me and RangeMe bite the bullet and accepted the money. Therefore, denying me to sell merchandise from their site by accusing me of being a distributor or a wholesaler. I am an import agent. They keep calling me a distributor and have locked me out of the their site. All of my sales are given to Janet Tate or Carmen Grant.

*Id,* Page 4. Plaintiff requests relief "For hardship and mental anguish, I want five

1

million dollars." *Id,* Page 4.

On Page 2 of the Complaint, Plaintiff lists the address for Defendant No. 2, Darryl Jackson. The caption of the Complaint, however, does not list Darryl Jackson as a Defendant; the Statement of Claim also fails to mention Darryl Jackson. *Id,* Pages 1, 4.

Plaintiff's arguments are "completely lacking in legal merit and patently frivolous." *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990).

**Venue**

28 U.S.C.A. § 1391 states as follows:

> (b) Venue in general.--A civil action may be brought in—
>
> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C.A. § 1391. In the instant matter, no party in this action resides in Oklahoma and none of the events in the Statement of Claim are alleged to have occurred in Oklahoma. The Complaint also fails to allege that the action involves any property located in Oklahoma. This court has no personal jurisdiction as to any defendant.

**28 U.S.C. § 1915**

Section 1915 of the United States Code, Title 28, states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines

      that–
           **(A)** the allegation of poverty is untrue; or
           **(B**) the action or appeal--
               **(i)** is frivolous or malicious;
               **(ii)** fails to state a claim on which relief may be granted; or
               **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C.A. § 1915(e)(2).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Further, the term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff is not required to make out a perfect case in their complaint. Rather, "It suffices for him to state claims that are rationally related to the existing law and the credible factual allegations." *Lemmons v. Law Firm of Morris and Morris*, 39 F.3d 264 (10th Cir. 1994).

### *Sua Sponte* Dismissal

"*Sua sponte* dismissals are generally disfavored by the courts." *Banks v. Vio Software*, 275 Fed.Appx. 800 (10th Circ. 2008). A court shall dismiss a case at any time, however, if the court determines that the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

Indeed, the Tenth Circuit Court of Appeals has stated that a district court is <u>required</u> to dismiss an IFP claim that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such

relief. *Trujillo v. Williams*, 465 F.3d 1210, 1216 n.5 (10th Cir. 2006).

The court may *sua sponte* dismiss an action pursuant to § 1915 when "on the face of the complaint it clearly appears that the action is frivolous or malicious." *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991). "The term 'frivolous' refers to 'the inarguable legal conclusion' and 'the fanciful factual allegation.'" Id. (citation omitted). Further, a "trial court may dismiss a claim *sua sponte* without notice where the claimant cannot possibly win relief." *McKinney v. State of Oklahoma*, 925 F.2d 363, 364 (10th Cir. 1991).

## Conclusion

The allegations listed in the complaint do not create a claim upon which this lawsuit can proceed. The court finds that Plaintiff's action is frivolous, and that Plaintiff fails to state a claim on which relief can be granted. This matter is dismissed with prejudice.[1]

Dated this 9th day of May, 2018.

*Ronald A. White*

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA

---

[1] On May 8, 2018, the court entered an order in *Bell v. Jackson, et al.,* Case No. 18-CIV-120-RAW, stating "Plaintiff is hereby enjoined from proceeding as a plaintiff in this District unless he is represented by a licensed attorney admitted to practice in this court or unless he first obtains permission to proceed *pro se*." Docket No. 5, Page 5.